IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

     v.                               06-CR-030-S-01

IA VANG,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ia Vang's supervised release was held on May 28, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Michael Lieberman.  Also present was Senior United States Probation Officer Michael D. Harper.

From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on June 7, 2006, following her conviction for fictitious obligations in violation of 18 U.S.C. § 514(a).  This offense is a Class B felony.  Defendant was committed to the custody of the Bureau of

Prisons to serve a term of imprisonment of 15 months, with a five-year term of supervised release to follow.  Defendant began her term of supervised release on May 11, 2007, when she was released from the custody of the Caldwell County Detention Center in North Carolina.  She violated a statutory condition of supervised release when she failed to report to the U.S. Probation Office within 72 hours of her release from custody.

Defendant's conduct falls into the category of a Grade C violation.  Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violation warrants revocation.

Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline range of imprisonment of 5 to 11 months.  Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 36 months because the instant offense is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range.  The intent of this sentence is to ensure the defendant understands the seriousness of her failure to report and to assist

2

her in reintegrating within the community.


ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 7, 2006, is REVOKED and defendant is sentenced to time served.  A five-year term of supervised release shall follow.  All conditions previously imposed will remain in effect.  The following special condition is also ordered:

(7)    Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer.  Defendant shall take any medications prescribed by a licensed medical provider.

Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.  Defendant does not have the financial means or earning capacity to pay the cost of incarceration. Defendant is still required to pay any remaining restitution balance after her release.  Execution of this sentence will begin

3

immediately.

Entered this 29th day of May, 2009.

BY THE COURT:

/s/

_____
Barbara B. Crabb
U.S. District Judge