IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| v. | 06-cr-30-jcs-01 |
| IA VANG, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petitions for judicial review of Ia Vang's supervised release was held on March 4, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by Supervising Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on June 7, 2006, following her conviction for fictitious obligations, in violation of 18 U.S.C. § 514(a). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of

Prisons to serve a term of imprisonment of 15 months, with a five-year term of supervised release to follow.

Defendant began her initial term of supervised release on May 11, 2007, when she was released from the custody of the Caldwell County Detention Center in North Carolina. Defendant failed to report for supervision. On May 28, 2009, defendant's five-year term of supervised release was revoked. Defendant was sentenced to time served and ordered to serve a five-year term of supervised release. On July 9, 2009, defendant was taken into the custody of Immigration and Customs Enforcement to await deportation proceedings. In anticipation of defendant's release on a bond from the ICE, the court entered an order on December 10, 2009, directing defendant to complete a 180-day residential re-entry center placement. Defendant was released on an ICE bond on December 17, 2009, and recommenced supervised release.

On December 18, 2009, defendant reported to Arc Dayton and began the 180-day residential re-entry center placement.

On January 19, 2010, defendant violated Standard Condition No. 1 of her supervised release when she traveled to the Eastern District of Wisconsin without permission. On January 18, 2010, she violated Special Condition No. 8 requiring participation in a residential re-entry center placement, when she walked away from the facility. On January 19, 2010, defendant violated Standard Condition No. 3 when she failed to report to the

2

probation office as instructed. On February 11, 2010, defendant violated Standard Condition No. 9, restricting her from associating with any person convicted of a felony, when she associated with convicted felon Sarah Roberts.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

This is the second time defendant has absconded from supervision. Defendant's violations warrant revocation.

Defendant's criminal history category is III. With Grade C violations, defendant has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the policy guideline range. The intent of this sentence is to take into account defendant's personal history and ongoing non-compliant behavior. This sentence is also intended to reflect the seriousness of defendant's conduct and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 28, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. No period of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 5th day of March 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge

4